UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **THOMAS J. WHITE,** | **Civil No. 06-642 (PAM/SRN)** |
| **Petitioner,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **R.L. MORRISON, Warden,** **Duluth Federal Prison Camp, and** **The Federal Bureau of Prisons,** | |
| **Respondents.** | |

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned matter comes before the undersigned on Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a)(iii)(2). For the reasons set forth below, the Court recommends granting Petitioner's petition.

**I.     BACKGROUND**

Petitioner is now a federal prisoner (Register Number 11714-041) incarcerated at the Bureau of Prisons ("BOP") Federal Prison Camp in Duluth, Minnesota. (Buege Decl., ¶ 3, Attach. A to Govt.'s Response to Petition.) Petitioner is serving a one year and one day sentence, followed by two years supervised release, imposed by United States District Judge Richard H. Kyle, for the District of Minnesota. (Id.) Assuming Petitioner receives all credits available to him under 18 U.S.C. § 3624(b) for good behavior, his projected release date is August 11, 2006. (Id.) The BOP determined that Petitioner is eligible to spend the last ten percent, and not any greater period of time, of his prison term

in a Community Corrections Center ("CCC" or half-way house). (Id. ¶ 4-5.) This means that, if bed space is available, his ten percent date of July 12, 2006, is the earliest date he is eligible for CCC placement. (Id.)

On February 17, 2006, Petitioner applied to the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The Court ordered the United States to show cause why the writ should not be granted (Doc. 3) and the United States filed its return on March 10, 2006 (Doc. No. 5). Petitioner filed a reply brief on March 20, 2006 (Doc. No. 8).

Petitioner claims that the BOP's rules found at 28 C.F.R. §§ 570.20 and 570.21 are invalid. He argues that 18 U.S.C. § 3621(b) gives the BOP the discretion to transfer prisoners to CCCs at any time during their incarceration. In particular, Petitioner challenges the BOP's determination that he should be released to a CCC for only the last ten percent of his term of imprisonment. Petitioner argues that the BOP's determination is based upon its regulations interpreting 18 U.S.C. § 3624(c), regulations which, according to Petitioner, violate the statute and the principles set forth by the Eighth Circuit Court of Appeals in Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004) (holding that 18 U.S.C. § 3624 grants the BOP the discretion to place inmates in CCCs at any time during their term of imprisonment, not to exceed six months, and that the reference to the last ten percent of the prison term in § 3624(c) is a statutory floor).

**II.   DISCUSSION**

In Elwood, the Eighth Circuit Court of Appeals invalidated a December 2002 BOP policy regarding CCC designation and held that the BOP has the discretion to transfer an inmate to a CCC at any time, but only has the duty to consider a transfer to a CCC in the last six months of a sentence.

386 F.3d at 845-47; see, 18 U.S.C. § 3624(c).  In response to Elwood and other similar decisions, the BOP created the regulations challenged here, which became effective February 14, 2005.  These regulations provide that, as a "categorical exercise of discretion," the BOP will designate inmates for CCC placement "only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months." 28 C.F.R. § § 570.20, 570.21 (2005).

In its recent decision in Fults v. Sanders, No. 05-3490, 2006 U.S. App. LEXIS 8289, at *4-5 (8th Cir. Apr. 6, 2006), the Eighth Circuit declared this policy invalid as conflicting with 18 U.S.C. § 3621(b), which sets forth certain factors that must be considered by the BOP in making inmate placement or transfer determinations.  See id. ("The Bureau may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable, considering -- (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any [relevant] statement by the court that imposed the sentence . . . ; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.")[1]

According to the Eighth Circuit, "three of these factors -- the nature and circumstances of the offense, the history and characteristics of the prisoner, and any statement by the court that imposed the

---

[1] In a recent decision involving a challenge to the same regulations at issue here, this Court summarily granted a Petition for a Writ of Habeas Corpus, citing both the magistrate judge's Report and Recommendation and the Eighth Circuit's decision in Fults.  Donets v. Walton, No. 05-CV-2899 RHK/RLE, 2006 U.S. Dist. LEXIS 18443, at *1 (D. Minn. Apr. 11, 2006); see also, Beasley v. Sanders, No. 2:05CV00331 JWC, 2006 U.S. Dist. LEXIS 18042 (E.D. Ark. Apr. 7, 2007); Dworazcyk v. Sanders, No. 2:05CV00289 JWC, 2006 U.S. Dist. LEXIS 18041 (E.D. Ark. Apr. 6, 2006).

sentence -- cannot be fully considered without evaluating inmates on a case-by-case basis." <u>Fults</u>, 2006 U.S. App. LEXIS 8289 at *8.  The BOP policy "removed the opportunity for the BOP to exercise discretion for all inmates not serving the last ten percent of their sentences." 2006 U.S. App. LEXIS 8289, at *12.  Because § 3621(b) requires that discretion be exercised on an individual basis, the Eighth Circuit found that the regulation at issue was invalid.  <u>Id.</u>; <u>see</u> <u>also</u> <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 244 (3d Cir. 2005) (BOP regulation is invalid because the BOP "may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations").

While <u>Elwood</u> and <u>Fults</u> mandate relief for Petitioner, nothing in these decisions or the applicable statutes entitles any prisoner to six months of placement in a CCC.  <u>See</u> <u>Woodall</u>, 432 F.3d at 251 ("That the BOP may assign a prisoner to a CCC does not mean that it must."); <u>Elwood</u>, 386 F.3d at 847 ("We emphasize ... that 18 U.S.C. § 3624(c) does not require placement in a CCC.")  Instead, the proper remedy is consideration of such placement by the BOP in accordance with the relevant decisions.

Therefore, **IT IS HEREBY RECOMMENDED that:**

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) be **GRANTED;** and

2. Respondents are directed to: (a) consider, within twenty days and in good faith, transferring Petitioner to a CCC for the last six months of his sentence, or the remainder of his sentence if less than six months remain to be served, in accordance with the factors taken into account by the BOP prior to the adoption of its December 2002 and

February 2005 policies, which must include the factors set forth in 18 U.S.C. § 3621(b); and (b) place Petitioner in conditions that will afford him a reasonable opportunity to adjust to and prepare for his reentry into the community during a reasonable part of the last ten percent of his term, to the extent practicable, not to exceed six months.

Dated: April 20, 2006

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Pursuant to D. Minn. L.R. 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by May 4, 2006 a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.